**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Victor Weldon, Appellant.

Appellate Case No. 2012-212563

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-463
Submitted November 1, 2014 – Filed December 17, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Weldon appeals his convictions for first-degree burglary, armed robbery, kidnapping, grand larceny, and possession of a weapon during the

commission of a violent crime, arguing the State failed to present substantial circumstantial evidence of his involvement in any of the crimes charged and, therefore, the trial court erred in denying his motion for a directed verdict. We affirm.[1]

We find the trial court did not err in denying the motion for a directed verdict because the State presented substantial circumstantial evidence of Weldon's guilt. *See State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *id.* ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."). Here, Edward "Slick" Gibbons (Victim) was jumped by three men as he exited his garage. The three men robbed Victim of approximately $840, beat him, and wrapped duct tape around his head. At trial, the State presented evidence that Weldon's DNA was found on duct tape removed from Victim's face following the burglary. This evidence constituted substantial circumstantial evidence of Weldon's guilt because the only logical explanation for his DNA being found on duct tape used in the Victim's robbery was that he participated in the robbery. *See State v. Schrock*, 283 S.C. 129, 133, 322 S.E.2d 450, 452 (1984) (stating the State has the burden of proving "the accused was at the scene of the crime when it happened and that he committed the criminal act"). Therefore, viewing the evidence in the light most favorable to the State, we find the DNA evidence constituted substantial circumstantial evidence of Weldon's guilt, and the trial court did not err in refusing to grant a directed verdict.

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.